**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 24-4137**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

MARQUAN LEON WILLIAMS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:22-cr-00272-TDS-1)

_____

Submitted:  July 24, 2025                                      Decided:  July 28, 2025

_____

Before NIEMEYER, AGEE, and HEYTENS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF:**  Louis C. Allen, Federal Public Defender, John A. Dusenbury, Jr., Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greensboro, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marquan Leon Williams pled guilty to possession of ammunition by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2). The United States Probation Office prepared a presentence investigation report that applied a cross-reference to attempted murder under the federal Sentencing Guidelines. U.S. Sentencing Guidelines Manual §§ 2A2.1, 2K2.1(c)(1)(A) (2023). Over Williams' objections, the district court applied this cross-reference and increased Williams' 84- to 105-month advisory Guidelines range to 120 months' imprisonment, the statutory maximum sentence for the offense. The district court sentenced Williams to 115 months' imprisonment. On appeal, Williams' counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court miscalculated Williams' advisory Sentencing Guidelines range by applying the attempted murder cross-reference. Although notified of his right to do so, Williams has not filed a pro se supplemental brief. We affirm the district court's judgment.

Rather than evaluating the merits of a defendant's challenge to the calculation of the Guidelines range, "we may proceed directly to an assumed error harmlessness inquiry." *United States v. Gomez-Jimenez*, 750 F.3d 370, 382 (4th Cir. 2014) (internal quotation marks omitted). To apply the assumed error harmlessness inquiry, we must find that "(1) the district court would have reached the same result even if it had decided the Guidelines issue the other way, and (2) the sentence would be reasonable even if the Guidelines issue had been decided in the defendant's favor." *United States v. Mills*, 917 F.3d 324, 330 (4th Cir. 2019) (citation modified). Here, the district court stated during the

2

sentencing hearing that it would have imposed the same 115-month sentence even if it had miscalculated the Guidelines range. We thus conclude that the first requirement of the assumed error harmlessness inquiry is satisfied. *See Gomez-Jimenez*, 750 F.3d at 383.

Next, we must assess whether Williams' sentence would be substantively reasonable even if the district court had sustained his objection to the application of the attempted murder cross-reference. We are satisfied that the 115-month sentence imposed by the district court is substantively reasonable even under an assumed Guidelines range of 84 to 105 months. The district court adequately explained why a 115-month sentence was necessary in terms of the 18 U.S.C. § 3553(a) factors. *See United States v. Mendoza-Mendoza*, 597 F.3d 212, 216 (4th Cir. 2010) (explaining that substantive reasonableness review requires an examination of "the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)").

In particular, the district court emphasized that Williams' offense—which involved breaking into a residence, firing a gun, and wounding an occupant—was "a very serious offense" and evidenced a "total disregard for the others in the apartment." The court expressed concern that Williams was extremely dangerous, noting his prior conviction for shooting into occupied vehicles. The court determined that a 115-month sentence would promote respect for the law, provide just punishment for the offense, protect the public from any future crimes Williams might commit, and afford adequate deterrence. Because Williams' sentence is supported by the district court's consideration of the § 3553(a) factors, we conclude that the sentence is substantively reasonable. For those reasons,

3

assuming without deciding that the court erred by applying the cross-reference, we are satisfied that any error was harmless. *See Mills*, 917 F.3d at 330.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for review. We therefore affirm the district court's judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*